UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### AMENDED CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | 5:25-cv-02770-VBF-MBK | Date | November 4, 2025 |
| Title | Armando Perez III v. West Valley Detention Center | | |

Present: Hon. Michael B. Kaufman, U.S. Magistrate Judge

| James Muñoz | n/a |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys for Petitioner: | Attorneys for Respondent: |
|---|---|
| n/a | n/a |

**Proceedings:** ORDER FOR PETITIONER TO SHOW CAUSE WHY HIS PETITION SHOULD NOT BE DISMISSED AND TO CLARIFY EXHAUSTION OF STATE REMEDIES

On October 9, 2025, Petitioner, Armando Perez III, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1] Dkt. 1. Petitioner argues that he is unlawfully detained in the County of San Bernardino's West Valley Detention Center in violation of his Fifth, Sixth, Eighth, and Fourteenth Amendment Rights. Dkt. 1 at 7-8. The Court conducted a preliminary review of the petition pursuant to Rule 4 of the Habeas Rules. *See* Rules Governing Section 2254 Cases in the United States District Courts ("Habeas Rules"). There appear to be two main issues with this Petition.

***First***, it appears that the instant petition arises out of the same operative facts as a separate habeas action that Petitioner filed on October 6, 2025. *See Armando Perez III v. The People of the State of California*, Case No. 5:25-cv-02724-VBF-MBK. In his earlier petition, Petitioner also challenges his detention in the West Valley Detention Center and raises virtually identical legal claims. *See generally* Dkt. 1. Petitioner is therefore **ordered to show cause (that is, explain in writing) why this this action (Case No. 5:25-cv-02770 -VBF-MBK) should not be dismissed as duplicative with his earlier habeas petition**. If Petitioner believes dismissal is not appropriate, he should file a response explaining why the cases do not arise out of the same operative facts or other

---

[1] Petitioner has not yet paid the filing fee for this petition. Dkt. 2. Petitioner must either pay the filing fee or submit a signed Request to Proceed Without Prepayment of Filing Fees with Declaration in Support (CV 60P) on or before December 5, 2025. Id. If Petitioner does not pay the filing fee or submit a request and declaration to proceed without paying the filing fee, Petitioner risks dismissal of the Petition.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**AMENDED CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 5:25-cv-02770-VBF-MBK | Date | November 4, 2025 |
| Title | Armando Perez III v. West Valley Detention Center | | |

grounds why the cases should be maintained as separate actions. If, however, Petitioner agrees that the petitions are duplicative, Petitioner can voluntarily dismiss this action by filing a Notice of Dismissal in accordance with Federal Rule of Civil Procedure 41(a)(1).

*Second*, it is unclear whether Petitioner exhausted his state court remedies prior to filing the instant lawsuit. The Petition indicates that Petitioner filed a state habeas petition before the San Bernardino Superior Court on or around August 1, 2025, and the petition was denied on July 22, 2025. Dkt. 1 at 2. The Petition also indicates that Petitioner has raised the claims alleged in this Petition before the California Supreme Court. *Id.* at 7-8. However, in Petitioner's other habeas corpus proceeding (Case No. 5:25-cv-02770 -VBF-MBK), Petitioner indicated that he had *not* filed a petition for writ of habeas corpus with the California Supreme Court. As a result, it is unclear whether Petitioner has presented his claims to the highest state court and, if so, whether the California Supreme Court has ruled on his claims.

The Court recently issued an order in Petitioner's other habeas proceeding requiring Petitioner to provide additional information regarding his exhaustion efforts. As the Court explained in that order, Petitioner may not be able to proceed with his federal habeas claims without first exhausting in the state courts. If Petitioner seeks to continue with this habeas proceeding (that is, he does not believe this case should be dismissed or consolidated with his other habeas proceeding), Petitioner is **ordered to show cause why this proceeding should not be dismissed for failure to exhaust**, for the reasons provided in the Court's order in his other habeas proceeding. Specifically, Petitioner is ordered to file a response to advise the Court:

1. Whether he is being detained pending criminal proceedings or following his conviction;
2. Whether Petitioner *has* presented his claims to the state courts and, if so, the current status of the presentation of those claims;
3. If Petitioner has presented his claims to the state courts, Petitioner shall provide a copy of his filings and any orders from the state courts regarding the petition(s);
4. Explain the apparent inconsistency between the status of exhaustion of state remedies in this action and Petitioner's other habeas corpus action (Case No. 5:25-cv-02724-VBF-MBK); and
5. If Petitioner has not exhausted but can show good cause for his failure to do so, Petitioner may either ask this Court to excuse his failure to exhaust (if he is being held pending criminal proceeding and Section 2241 applies) or file a motion asking

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**AMENDED CIVIL MINUTES - GENERAL**

| Case No. | 5:25-cv-02770-VBF-MBK | Date | November 4, 2025 |
|---|---|---|---|
| Title | Armando Perez III v. West Valley Detention Center | | |

the Court to stay this case while exhausts his claims before the state courts (if he is being held following a criminal conviction and Section 2254 applies).

The Court **ORDERS** Petitioner to file a response **by no later than December 5, 2025**. Petitioner is warned that failure to file a timely response may result in a recommendation that the action be dismissed with prejudice for failure to prosecute the case pursuant to Federal Rule of Civil Procedure 41(b).

***

Petitioner is advised of the following requirements for preparing and submitting documents in this case. **Any document that does not comply with any of these requirements may be returned to Petitioner without filing and will not be considered by the Court**.

　　1.　　All documents sent to the Court should be addressed to: "Clerk, U.S. District Court, 255 E. Temple St., Los Angeles, CA 90012." No documents or letters should ever be sent to the judge or the judge's staff.

　　2.　　Each document must include the title and case number (including judges' initials). Documents should have at least a one-inch margin at the top of each page, and should be printed or neatly handwritten on one side of the paper only. No document may exceed 25 pages in length (exclusive of tables and exhibits) without leave of court. This provision of the Local Rules applies to all briefs.

　　3.　　Petitioner must mail the Court the original and one copy of each document. Photocopies, printed copies, or clear handwritten copies are acceptable. The original and copy should be mailed in a single envelope. Petitioner should keep a copy of any document sent to the Court.

　　4.　　After any Respondent has filed an appearance in this action, Petitioner must file any future document with the Court and serve it on Respondent(s) by mailing a copy to defense counsel at the address given on court orders or defense filings. Petitioner must attach a "proof of service" to the document when it is filed with the Court. The proof of service must state that a copy of the filed document was mailed to the defense attorney and when it was mailed.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**AMENDED CIVIL MINUTES - GENERAL**

| Case No. | 5:25-cv-02770-VBF-MBK | Date | November 4, 2025 |
|---|---|---|---|
| Title | Armando Perez III v. West Valley Detention Center | | |

   5.  At the top of the first page of any document sent to the Court, Petitioner must give their name and mailing address, including prisoner number (if applicable), other identification number, and any other information needed for mail to be delivered. The Court will assume that the address is correct and will use it until informed otherwise. It is Petitioner's responsibility to notify the Court and defense counsel of any change of address and the effective date of the change. If Petitioner fails to keep the Court informed of a correct mailing address, this case may be dismissed under Local Rule 41-6, which states as follows:

***Failure of a pro se Party to Keep Court Apprised of Current Address:*** A party proceeding pro se must keep the Court and all other parties informed of the party's current address as well as any telephone number and email address. If a Court order or other mail served on a pro se Petitioner at his address of record is returned by the Postal Service as undeliverable and the pro se party has not filed a notice of change of address within 14 days of the service date of the order or other Court document, the Court may dismiss the action with or without prejudice for failure to prosecute.

**IT IS SO ORDERED.**